**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

UNITED STATES OF AMERICA                    :

      -against-                           :

ANTHONY MASCUZZIO,                          :

                          <u>Defendant</u>.    :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _03/02/2021_____

No. 16 Cr. 576 (JFK)

**OPINION & ORDER**

<u>APPEARANCES</u>

FOR DEFENDANT ANTHONY MASCUZZIO:
    <u>Pro Se</u>

FOR THE UNITED STATES OF AMERICA:
    David W. Denton, Jr.
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a <u>pro se</u> motion by Anthony Mascuzzio renewing his request for a sentence reduction to time served and his immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes the motion, arguing that it is as meritless as Mascuzzio's original request because, once again, Mascuzzio has not demonstrated the required "extraordinary and compelling reasons" for a reduction in sentence and the 18 U.S.C. § 3553(a) sentencing factors do not warrant a modification to his term of imprisonment. For the reasons set forth below, Mascuzzio's renewed motion is DENIED.

I.  **Background**

The Court assumes familiarity with its June 8, 2020 Opinion & Order ("the June 8 Decision") which denied Mascuzzio's request for a sentence reduction or his immediate transfer into home confinement due to Mascuzzio's underlying health issues and the threat posed by the coronavirus, COVID-19. See United States v. Mascuzzio, No. 16 Cr. 576 (JFK), 2020 WL 3050549 (S.D.N.Y. June 8, 2020).

On May 21, 2020, Mascuzzio (through his counsel at the time) filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that Mascuzzio's history of asthma and the COVID-19 pandemic constitute "extraordinary and compelling reasons" to modify his sentence. See id. at *2.  The Government opposed Mascuzzio's motion on the merits, and Mascuzzio (through his counsel) declined to file a reply. See id.

On June 8, 2020, the Court denied Mascuzzio's motion.  (ECF No. 326.)  As a preliminary matter, the Court determined that Mascuzzio "failed to articulate an extraordinary and compelling reason why his sentence should be reduced" because Mascuzzio's age was not enough (he was 40 at the time) and his asthma was not severe enough to warrant compassionate release due to the COVID-19 pandemic. See Mascuzzio, 2020 WL 3050549, at *3. Second, and "decisive" to Mascuzzio's motion, the Court

determined that even if Mascuzzio's health issues constituted "extraordinary and compelling reasons" to reduce his sentence, application of the 18 U.S.C. § 3553(a) sentencing factors outweighed any such reduction. See id. at *4.

On January 5, 2021, the Court received two pro se letters from Mascuzzio dated December 21, 2020, and December 24, 2020, in which he once again requested immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court requested the Government respond, and on February 5, 2021, the Government filed a letter opposing Mascuzzio's request on many of the same grounds that the Government raised in its opposition to Mascuzzio's original motion.  (ECF No. 338.)  The Government's letter noted that, on January 5, 2021, Mascuzzio refused to be vaccinated against COVID-19, and "it would be perverse to grant compassionate release on the grounds of risks from COVID-19 to an individual who refuses to take available steps to mitigate those risks to himself and others."  (Id. at 3–4.)  On February 24, 2021, the Court received three pro se letters from Mascuzzio, dated February 5, 2021, February 8, 2021, and February 12, 2021, all of which reiterated his request for immediate release into home confinement.  Mascuzzio's February 12, 2021 letter acknowledged that he refused the Moderna COVID-19 vaccine.

## II.  Discussion

### A.  Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (brackets, ellipsis, and internal quotation marks omitted) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2020)).

On September 25, 2020, the Second Circuit ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the

Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.  Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

## B.  Analysis

Mascuzzio's renewed request for compassionate release is without merit.  First, Mascuzzio's medical conditions and the guidance promulgated by the Centers for Disease Control and

Prevention regarding relevant COVID-19 risk factors have not changed in any meaningful or substantial way.  Accordingly, and once again, Mascuzzio has failed to articulate a sufficiently extraordinary or compelling reason why the COVID-19 pandemic warrants his immediate release.  "The current COVID-19 pandemic is an unprecedented worldwide catastrophe.  But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like [the defendant], whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication").

Second, none of the other issues that Mascuzzio raises, such as his prison work assignments or the camp where he is housed, warrant his immediate release.  Indeed, these issues are not even appropriately addressed to the Court. See United States v. Kanagbou, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) ("[I]t is well established that the district court does not control how the Executive Branch carries out a defendant's sentence.") (citing 18 U.S.C. § 3621(b)).

Finally, and once again decisive here, even if Mascuzzio's health issues constituted "extraordinary and compelling reasons" to reduce his sentence—which the Court would be hard-pressed to conclude in light of Mascuzzio's voluntary refusal of an approved vaccine that is "highly effective at preventing COVID-19" and "may also help keep [him] from getting seriously ill even if [he did] get COVID-19," Benefits of Getting Vaccinated, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited Feb. 26, 2021)—application of the § 3553(a) sentencing factors once again outweighs the reasons Mascuzzio proffers for a reduction to his sentence.  For the reasons stated in the June 8 Decision and during Mascuzzio's May 4, 2018 sentencing, the Court finds that reducing Mascuzzio's significantly below-Guidelines 84-month term of incarceration into one of home confinement would disserve the sentencing factors set forth in 18 U.S.C. § 3553(a). See Mascuzzio, 2020 WL 3050549, at *4; see also United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying compassionate release to one of Mascuzzio's co-defendants).  Accordingly, Mascuzzio's renewed request for a sentence modification is denied. Cf. United States v. Kerrigan, No. 16 Cr. 576 (JFK), Dkt. No. 343, at 9 (S.D.N.Y. Mar. 2,

2021) (denying a similar renewed request for compassionate release by Mascuzzio's co-defendant).

**III.  Conclusion**

For the reasons set forth above, Mascuzzio's renewed motion for a sentence reduction is DENIED.

**SO ORDERED.**

Dated:  New York, New York
        March 2, 2021

_____
              John F. Keenan
       United States District Judge